IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LYDELL SWINSON, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KERESTES, et al., | : | NO. 14-7028 |
| Respondents. | : | |

**MEMORANDUM**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                           February    , 2015

  Before the Court for Report and Recommendation is the *pro se*[1] petition of Lydell Swinson, a/k/a Lindell Swinson ("Swinson" or "Petitioner") for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Swinson is currently incarcerated at SCI – Mahanoy, where he is serving two life sentences. By his petition, Swinson challenges the conviction obtained against him in 2006 in the Philadelphia Court of Common Pleas in Case Number CP-51-CR-0502871-2005 following a guilty plea to charges of first-degree murder in the shooting death of Maninovsky Lubin. He seeks habeas relief on the grounds that he was "deprived mental health records and complete trial files" and received ineffective assistance from counsel, both of which appear to relate to the possibility of mental health defenses to his crimes. As we set out below, we believe that Swinson's petition is not timely and that he cannot make out a basis for equitable tolling of the limitations period as to render his petition timely. We are filing this

---

[1] The Federal Defender's Office was appointed on December 16, 2014 to represent Swinson in this matter. As of this writing, the attorney who entered her appearance on December 19, 2014 has made no amendments to Swinson's pleading.

1

Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed as untimely.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Swinson was involved in the fatal shooting of cab driver Maninovsky Lubin over a fare dispute on May 10, 2004 in Philadelphia. He then fatally shot his girlfriend, Laquita Robinson, on August 13, 2004. Upon his arrest on August 22, 2004, he was prosecuted in the Philadelphia Court of Common Pleas for both the murder of Mr. Lubin, at Case Number CP-51-CR-0502871-2005, and the killing of Ms. Robinson, at Number CP-51-CR-0502901-2005. The Commonwealth sought a death sentence for the killing of Ms. Robinson.[2] He was appointed the same counsel for both cases, and both were assigned to the Honorable M. Teresa Sarmina. *See generally Commonwealth v. Swinson*, No. 859 EDA 2013, slip opin. at 1-2 (Pa. Super. Ct. Mar. 19, 2014), *appended to* Civ. A. No. 14-5859, Doc. 1 at ECF pp. 18-19.

The trial on the Lubin murder, in which Petitioner had a co-defendant, proceeded first. The jury returned a verdict of guilt on February 27, 2006 on charges of first-degree murder, robbery, conspiracy, and PIC. That murder conviction, as well as other potential aggravating factors, put Petitioner at risk of a death sentence if he were convicted of first-degree murder in the Robinson death. Upon the jury's verdict, but before the court proceeded to sentencing, Swinson agreed to enter guilty pleas to both murders and give up his appeal rights in exchange for two consecutive life sentences that would spare him from a possible death sentence. The

---

[2] There are contradictory indications in the state court materials available for review as to whether Swinson was at risk of the death penalty in the case involving Mr. Lubin's death. Many of the subsequent state court opinions in Swinson's cases indicate that this was a capital prosecution. The state court docket sheets, however, refer to several days of trial taking place with a "non-capital jury."

court accepted both guilty pleas and convicted him of the two murders and related offenses on February 27, 2006. Once the victims' families could be present, sentencing proceedings were held on March 1, 2006 and the negotiated sentences formally imposed. Petitioner did not file any direct appeal of either judgment of conviction. *See id.*

Swinson then sought relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. § 9541, *et seq.* ("PCRA"). His petition dated June 16, 2006 sought to have his appellate rights reinstated as to the conviction on the murder of Ms. Robinson, CP-51-CR-0502901-2005, on the grounds that his guilty plea was unlawfully induced and that he received ineffective assistance of counsel. *See* Civ. A. No. 07-3934, Doc. 26 at 18 & Ex. C (PCRA petition). While the PCRA Court appointed counsel, his attorney found no merit in any claims available to Petitioner and filed a letter seeking to withdraw pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988). The PCRA Court agreed and dismissed the petition on July 27, 2007. Swinson did not file an appeal from that dismissal. *See* Common Pleas Docket, *Commonwealth v. Swinson*, CP-51-CR-0502901-2005, *available through* https://ujsportal.pacourts.us.

On or about August 16, 2006, while the first petition was still pending, Swinson filed another PCRA petition, challenging the convictions of murder, robbery, and conspiracy in the Lubin case.[3] *See* Civ. A. No. 07-3934, Doc. 26 at Ex. F. New counsel was appointed who also

---

[3] Because he answered a question on the PCRA form petition with reference to the sentences he was currently serving with the case numbers for both the Lubin and Robinson murders, many documents arising from this petition subsequently included references to CP-51-CR-0502901-2005, the Robinson case, as well as -2871, the Lubin case. In that Petitioner already had a PCRA petition pending that challenged the Robinson conviction, the documents as to the second PCRA petition should have referenced only CP-51-CR-0502871, the Lubin case.

3

filed a *Finley* letter. The PCRA Court dismissed the petition. Swinson appealed this dismissal to the Superior Court, but the court dismissed the appeal on October 30, 2007 when he failed to comply with certain filing requirements. *See* Civ. A. No. 07-3934, Doc. 26 at Exs. G-K; Appellate Dkt. Sheet, Pa. Super. Ct. No. 2227 EDA 2007 (noting dismissal pursuant to Pa. R.A.P. 3517, which requires an appellant to complete and return a docketing statement form or face dismissal of the appeal).

While that appeal of the dismissal of his second PCRA petition was still pending in the Superior Court, Swinson filed a *pro se* habeas petition on September 20, 2007 in this Court, using the name *Lindell* Swinson. The case was docketed as Civil Action No. 07-2934 and assigned to the Honorable John R. Padova. The Court required Stinson to re-submit his petition on the Court's standard form, and when he did so he clarified that his petition related to CP-51-CR-0502901-2005, the murder of Ms. Robinson,[4] and identified his claims as ineffective assistance of counsel and due process, asserting that his plea was unlawful because he was allegedly not given a hearing regarding competency and the judge was biased. *See* Civ. A. No. 07-3934, Doc. 3, Pet. at 4. The Philadelphia District Attorney's Office filed a response to the petition, arguing that his claims were procedurally defaulted because they were never properly presented and litigated in the Pennsylvania Superior Court, *id.* at 4, and that Swinson could not obtain habeas relief because he waived any right to collateral review as part of his plea

---

[4] In a later submission in which he complained of an extension request of the Respondents, however, he referred to the issues in his petition concerning his having been "induced to make simultaneous guilty pleas upon the advise and instruction of his trial counsel," and that "[i]t is also evident that the Petitioner is seeking review of both guilty pleas …." *See* Civ. A. No. 07-3934, Doc. 25, at 2.

4

agreements in the two cases, *id.* at 10.[5] The Honorable L. Felipe Restrepo, then U.S. Magistrate Judge, prepared a Report and Recommendation that the petition be denied and dismissed. *See* Civ. A. No. 07-3934, Doc. 30. Judge Padova approved and adopted Judge Restrepo's Report and Recommendation and denied the petition on October 31, 2008. *See* Civ. A. No. 07-3934, Doc. 32. Petitioner filed a motion for relief pursuant to Fed. R. Civ. Proc. 60 on or about January 8, 2009, *see* Civ. A. No. 07-3934, Doc. 34, which the court denied on March 12, 2009, *see* Civ. A. No. 07-3934, Doc. 41.

The state court dockets reflect that Swinson made additional filings in the Common Pleas Court relating to this case in 2010 and 2011. *See* St. Ct. Dkt., CP-51-CR-0502871-2005, at p. 20 ("motion for order mandating clerk of courts to furnish records," "pro se motion/request for notes of testimony," and "motion for discovery"). On February 8, 2012, a new PCRA petition was docketed. Judge Sarmina issued a Rule 907 notice on November 26, 2012 and entered her order on February 25, 2013, stating that the petition was "dismissed as untimely." *Id.* at p. 21. Swinson appealed to the Superior Court, but that court affirmed the dismissal of the PCRA petition on March 19, 2014. *See Commonwealth v. Swinson*, Pa. Super. Ct. Dkt., No. 859 EDA 2013. While Swinson does not appear to have sought allocator in the Supreme Court as to this ruling, he unsuccessfully sought a writ of mandamus in the state high court in October 2012,

---

[5] Respondents also drew attention to the submission from Swinson in which he indicated that his petition sought review of both convictions. *See* Civ. A. No. 07-3934, Doc. 26 at 17; *id.*, Doc. 25 at 2. They contended that it was not proper for him to challenge the two distinct convictions in the same habeas petition but that the bases for dismissal of a challenge to the convictions in the Robinson case were equally applicable to the Lubin case. *See* Civ. A. No. 07-3934, Doc. 26 at 17-18.

5

which was denied on December 14, 2012. *See Commonwealth v. Swinson*, Pa. S. Ct. Dkt., No. 181 EM 2012.

The genesis of the present litigation before this Court is a § 2254 form petition Swinson filed dated October 7, 2014, which identified the convictions he sought to challenge as both the Lubin and Robinson murders. *See* Civil A. No. 14-5889, Doc. 1, Pet. at 4, 19. The petition was docketed as Civil Action Number 14-5859 and assigned to the Honorable Timothy J. Savage, who directed Petitioner to file two separate petitions for his challenge to the two distinct criminal cases. *See* Civ. A. No. 14-5859, Doc. 2. Swinson did so on December 4, 2014. His petition regarding Case No. CP-51-CR-0502871-2005, the murder of Mr. Lubin, was given docket number 14-7028. His petition regarding Case No. CP-51-CR-0502901-2005, the murder of Ms. Robinson, was given docket number 14-7027. The prior action, No. 14-5859, was dismissed.

In light of Petitioner's request for the appointment of counsel in No. 14-5859, on December 16, 2014, the Court appointed the Office of the Federal Defender to represent Swinson in both 14-7028 and 14-7027. Counsel entered her appearance in both matters on December 19, 2014. On January 23, 2015, the Court referred both matters to the undersigned for preparation of a Report and Recommendation.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), legislation that pre-dates Petitioner's convictions, imposed a one-year period of limitations for the filing of an application for a writ of habeas corpus. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

With regard to subsection (1)(A), and based upon the information provided in his petition (and as confirmed by online review of the publicly-available state court appellate docket sheets), Swinson's judgment as to the conviction in the Lubin murder became final on March 31, 2006, upon the expiration of the 30-day period to appeal in the Pennsylvania Superior Court the judgment of sentence imposed in the Court of Common Pleas on March 1, 2006. Swinson's petition, which concerns the issues of ineffective assistance and an alleged deprivation of mental health and trial records, does not suggest the applicability of subsections (B), (C), or (D) of § 2244(d)(1). Therefore, it appears that the federal limitations period began to run on March 31, 2006 when his conviction and judgment of sentence became final.

7

By the time Petitioner filed his PCRA petition as to the Lubin case on or about August 16, 2006, 138 days of the one-year (365-day) federal limitations period pursuant to AEDPA had already elapsed, and only 227 days remained. The federal limitations period continued to be tolled during the pendency of Petitioner's properly filed state PCRA petition. The period of time in which that state petition was pending concluded on November 29, 2007, upon the expiration of the 30-day period in which to seek review of the dismissal of the appeal by the Pennsylvania Superior Court of October 30, 2007. Therefore, the federal limitations period resumed on November 30, 2007. As there were only 227 days left to run, the limitations period expired on July 14, 2008.[6] Although Petitioner's federal habeas petition would have to have been filed by that date in order to satisfy 28 U.S.C. § 2254(d), it was not filed until October 7, 2014 ─ some six years later. *See* Civ. A. No. 14-5859 (the predecessor to this action).

Under these circumstances, Swinson's petition would be deemed untimely and subject to dismissal absent a valid claim that concerns of equity require that the limitations period be tolled. The United States Supreme Court recognizes that the AEDPA statute of limitations is subject to equitable tolling but that such tolling is appropriate only where extraordinary circumstances prevented the petitioner from filing on time and where the petitioner pursued his rights diligently. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Swinson's filing does not purport to address the question of equitable tolling.[7] Therefore, in order to ensure that this issue

---

[6] Swinson's second PCRA petition associated with this conviction, filed on February 8, 2012, would not toll the limitations period again because it was found to be untimely, as noted on the state court docket sheet. Therefore, it is not a properly filed state post-conviction petition as defined in 28 U.S.C. § 2244(d)(2).

[7] In response to the question on the form addressing "Timeliness of Petition," which seeks an explanation for why the one-year statute of limitations does not bar his petition, Swinson responded:

*(continued …)*

is developed and that Petitioner has an opportunity to be heard through counsel on the timeliness of his petition before we file our Report and Recommendation, we will give Swinson an opportunity to show cause why his petition should not be dismissed as time-barred.

     A separate order follows.

---

> Due to never receiving mental health and trial file records Petitioner since childhood is severely mentally ill to date currently residing on a special need unit block for mental severe problems and his entire incarceration records will prove this.

(Pet. at 17.)

     With respect to the question of extraordinary circumstances and reasonable diligence, we note our discussion above, detailing how Swinson managed to initiate a petition in this Court in 2007 as to the Robinson murder conviction. In addition, he seems to have litigated a variety of civil actions in the district courts related to a variety of concerns about his conditions of confinement or other issues.